IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

KENYON DEVON AMES

2465 J17 Centreville Road

Herndon, VA 20171

Plaintiff,

v.

ENTERPRISE RAC COMPANY OF MARYLAND, LLC Defendant.

2273 reasearch Blvd.
Rockville, MD
20850

Serve On:

The Corporation Trust Incorporated

2405 York Road, Suite 201

Lutherville-Timonium, MD 21093

Case No.: C-15-CV-26-000333

[Stamp: RECEIVED 2026 JAN 20 P 12:20 SHERIFF'S OFFICE BALTO. CO.]

**COMPLAINT FOR WRONGFUL TERMINATION IN VIOLATION OF MARYLAND PUBLIC POLICY**

Plaintiff, Kenyon Devon Ames, sues Enterprise RAC Company of Maryland, LLC, and states:

I. INTRODUCTION

1. Plaintiff brings this action for wrongful termination in violation of Maryland public policy.

2. Plaintiff was fired shortly after reporting public-safety hazards involving commercial vehicles operated on Maryland and regional roadways.

3. Plaintiff's firing violates the well-established Maryland public policy protecting employees who report dangers that threaten public safety, as recognized in Adler, Wholey, and Porterfield.

II. PARTIES

4. Plaintiff resides in Herndon, Virginia.

5. Defendant is a Maryland LLC doing business statewide.

III. JURISDICTION AND VENUE

6. Venue is proper in Montgomery County under § 6-201(b).

7. This Court has jurisdiction over Maryland common-law wrongful discharge claims.

IV. FACTUAL ALLEGATIONS

A. Plaintiff's Employment and Positive Record

8. Plaintiff was employed with Enterprise from December 2022 to January 17, 2025.

9. Plaintiff consistently performed well as a Vehicle Service Agent and later became a DOT driver.

10. In December 2024, Plaintiff received a positive performance review with no disciplinary history, no behavior issues, and no misconduct documentation. All reviews on Plaintiff are positive.

B. Plaintiff Reported Public-Safety Hazards

11. On June 3, 2024, Plaintiff reported multiple commercial vehicle safety concerns, including:

a. Lack of visible vehicle height information;

b. Trucks operated with active engine warning indicators;

c. Assignments involving potential DOT safety violations.

12. Plaintiff reported these concerns to:

- His supervisor,

- Human Resources,

- OSHA (which forwarded the matter to MOSH), and

- The Virginia State Police, where Plaintiff verbally explained concerns involving vehicle height and unsafe engine-warning conditions.

13. All reports were made in good faith to protect public safety on state and interstate roadways.

C. HR Investigated and Found No Misconduct

14. On June 19, 2024, HR completed its investigation

15. HR confirmed no wrongdoing by Plaintiff.

16. HR found no safety violations and no basis for discipline.

17. Plaintiff was not reprimanded, warned, or counseled at any time for any negative incidents.

D. Sudden Adverse Treatment After Safety Reports

18. Plaintiff continued performing his duties without issue through late 2024.

19. On December 30, 2024, Plaintiff—while off duty—used profanity during a frustrated phone call regarding his personal vehicle rental.

20. Plaintiff acknowledges his language, but he did not direct profanity at any person.

21. During a later exchange in text messages, manager-in training Lindsay Ross texted Plaintiff ("you were an ass").

22. Ross received no discipline.

E. Fabricated Allegations Leading to Termination

23. On January 17, 2025, Defendant terminated Plaintiff, citing "improper personal conduct."

24. In addition to referencing the off-duty profanity (for which Plaintiff admitted fault), Defendant added new, undocumented, and false allegations, including:

- Claims that "multiple coworkers were uncomfortable,"

- Claims of "additional unprofessional behavior,"

- Vague assertions of "unsettling conduct."

25. None of these claims were ever documented or communicated to Plaintiff, and they are pretextual exaggerations.

26. Plaintiff had zero prior warnings, write-ups, meetings, or disciplinary notations.

27. These new accusations arose only after Plaintiff's safety reports.

28. The timing and fabrication demonstrate retaliatory motive.

**V. CAUSE OF ACTION — WRONGFUL TERMINATION IN VIOLATION OF MARYLAND PUBLIC POLICY**

29. Plaintiff incorporates all prior paragraphs.

30. Maryland recognizes a tort claim for wrongful discharge when an employee is fired for reporting conduct that threatens public safety.

- Adler v. American Standard Corp., 291 Md. 31 (1981)

- Wholey v. Sears, 370 Md. 38 (2002)

- Porterfield v. Mascari, 374 Md. 402 (2003)

- Szaller v. Red Cross, 293 F.3d 148 (4th Cir. 2002)

31. Plaintiff made good-faith reports of public highway safety hazards involving commercial vehicles, a matter squarely within Maryland's recognized public-policy protections.

32. Defendant's termination of Plaintiff violates these clear and well-defined Maryland public policies.

33. As a direct and proximate result, Plaintiff suffered economic loss, emotional distress, reputational harm, and loss of career opportunities.

VI. DAMAGES

Plaintiff seeks:

A. Loss of Future Earning Capacity

$200,000

B. Emotional Distress Damages

$500,000

C. Punitive Damages

$800,000

TOTAL: $1,500,000

VII. JURY TRIAL DEMAND

34. Plaintiff demands a trial by jury on all issues triable by jury.

VIII. PRAYER FOR RELIEF

Plaintiff requests:

A. Judgment for $1,500,000;

B. Punitive damages;

C. Interest, costs, and relief the Court deems proper.

Respectfully submitted,

/s/ *Kenyon Devon Ames*

/s/ Kenyon Devon Ames

2465 J17 Centreville Road

Herndon, VA 20171

240-750-8040

kinghallmark@aol.com

Plaintiff, Pro Se