AMENDED COMPLAINT

HD

Rcv'd by: _____ *em*

USDC- GREENBELT
'26 MAR 25 AM9:21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

KENYON DEVON AMES
2465 J17 Centreville Road
Herndon, VA 20171

Plaintiff,

v.

ENTERPRISE RAC COMPANY OF MARYLAND, LLC

Defendant.

Civil Action No. 8:26-cv-00762-LKG

AMENDED COMPLAINT FOR WRONGFUL TERMINATION

IN VIOLATION OF MARYLAND PUBLIC POLICY

Plaintiff Kenyon Devon Ames, proceeding pro se, brings this action against Defendant
Enterprise RAC Company of Maryland, LLC, and states as follows:

## I. INTRODUCTION

This action arises from Defendant's termination of Plaintiff after Plaintiff reported unsafe
commercial vehicle conditions involving vehicles operated on public highways.

Plaintiff reported safety violations involving commercial trucks that were being operated with
active engine warning indicators and other unsafe conditions.

The operation of unsafe commercial vehicles violates the Federal Motor Carrier Safety
Regulations (FMCSR), including 49 C.F.R. § 396.7, which prohibits the operation of a
commercial motor vehicle in an unsafe condition likely to cause an accident or mechanical
breakdown.

Plaintiff reported these safety concerns in good faith to protect public highway safety.

Shortly thereafter, Defendant terminated Plaintiff's employment using a pretextual justification.

Plaintiff's termination violates the clear mandate of public policy protecting public highway
safety and prohibiting operation of unsafe commercial motor vehicles.

## II. PARTIES

Plaintiff Kenyon Devon Ames is a resident of Herndon, Virginia.

Defendant Enterprise RAC Company of Maryland, LLC is a limited liability company doing business throughout Maryland.

## III. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

Venue is proper in this district because the events giving rise to this action occurred in Maryland.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Employment

Plaintiff was employed by Defendant from December 2022 through January 17, 2025.

Plaintiff initially worked as a Vehicle Service Agent and was later assigned duties as a DOT driver responsible for operating commercial vehicles.

Plaintiff consistently received positive performance evaluations.

In December 2024, Plaintiff received a favorable performance review and had no disciplinary history.

### B. Plaintiff Reported Unsafe Commercial Vehicle Conditions

On June 3, 2024, Plaintiff reported multiple commercial vehicle safety concerns.

These concerns included:

a. Trucks operating with active engine warning indicators
b. Commercial vehicles lacking vehicle height information
c. Assignments involving potential DOT safety violations

The Federal Motor Carrier Safety Regulations provide that:

"A motor vehicle shall not be operated in such a condition as to likely cause an accident or a breakdown of the vehicle."

See 49 C.F.R. § 396.7.

Plaintiff reasonably believed that operating trucks with active engine warnings and mechanical issues violated these federal safety regulations.

Plaintiff reported these safety concerns to:

- his supervisor
- Human Resources
- the Occupational Safety and Health Administration (OSHA)
- the Virginia State Police

Plaintiff made these reports in good faith to protect public highway safety.

C. Defendant Was Aware of Plaintiff's Safety Reports

Defendant's Human Resources department investigated Plaintiff's concerns.

On June 19, 2024, HR completed its investigation.

Plaintiff was not disciplined or reprimanded as a result of making the reports.

Plaintiff continued working without incident for several months.

D. Plaintiff Was Terminated

On December 30, 2024, Plaintiff had a frustrated phone conversation with management regarding a personal vehicle rental.

Plaintiff acknowledges using profanity during that conversation.

The profanity was not directed at any individual, it was out frustration

On January 17, 2025, Defendant terminated Plaintiff.

Defendant cited "improper personal conduct."

Defendant also asserted vague allegations in the termination letter including:

- coworkers being "uncomfortable"
- unspecified "unprofessional behavior"
- alleged "unsettling conduct"

These allegations had never previously been documented.

Plaintiff had no prior discipline or warnings.

Plaintiff got a text from the individual he got frustrated with she used profanity.

Plaintiff provided the Defendant with the proof of profanity.

The individual was not terminated.

Plaintiff believes this furthers the fact of retaliation.

Plaintiff alleges that the stated reason for termination was pretextual.

Plaintiff alleges that he was terminated because he reported unsafe commercial vehicle conditions.

## V. CAUSE OF ACTION

WRONGFUL TERMINATION IN VIOLATION OF MARYLAND PUBLIC POLICY

Plaintiff incorporates all prior paragraphs.

Maryland recognizes a cause of action for wrongful discharge when an employee is terminated in violation of a clear mandate of public policy.

See:

• Adler v. American Standard Corp.
• Wholey v. Sears Roebuck & Co.

The Federal Motor Carrier Safety Regulations, including 49 C.F.R. § 396.7, establish a clear public safety mandate prohibiting operation of unsafe commercial vehicles on public highways.

Plaintiff reported commercial vehicles operating in conditions that violated these safety regulations.

Defendant was aware of Plaintiff's safety reports.

Plaintiff was subsequently terminated.

Plaintiff alleges that Defendant terminated him because he reported unsafe commercial vehicle conditions and that the stated reason for termination was pretextual.

Defendant's actions therefore violate the clear mandate of public policy protecting public highway safety.

## VI. DAMAGES

As a result of Defendant's actions, Plaintiff suffered:

A. Loss of future earning capacity
$200,000

B. Emotional distress damages
$500,000

C. Punitive damages
$800,000

TOTAL DAMAGES: $1,500,000

## VII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff
 B. Award damages of $1,500,000
 C. Award punitive damages
 D. Award costs and any further relief the Court deems appropriate

Respectfully submitted,

Kenyon Deyon Ames
2465 J17 Centreville Road
Herndon, VA 20171
240-750-8040
kinghallmark@aol.com

Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on this 25 day of March, 2026, a copy of the foregoing document was served on Defendant's counsel by electronic mail and/or the Court's CM/ECF filing system to:

Edward Isler

eisler@islerdare.com

Counsel for Defendant

Enterprise RAC Company of Maryland, LLC

/s/ Kenyon Devon Ames

Kenyon Devon Ames

2465 J17 Centreville Road

Herndon, VA 20171

240-750-8040

kinghallmark@aol.com

Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on this 25 day of March, 2026, a copy of the foregoing document was served on Defendant's counsel by electronic mail and/or the Court's CM/ECF filing system to:

Edward Isler

eisler@islerdare.com

Counsel for Defendant

Enterprise RAC Company of Maryland, LLC


/s/ Kenyon Devon Ames

Kenyon Devon Ames

2465 J17 Centreville Road

Herndon, VA 20171

240-750-8040

kinghallmark@aol.com

Plaintiff, Pro Se