HD

Rcv'd by: _____ *em* _____

USDC- GREENBELT
'26 MAR 25 AM9:22

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

GREENBELT DIVISION

Kenyon Devon Ames

Plaintiff

v.

Enterprise RAC Company of Maryland, LLC

Defendant

Civil Action No. 8:26-cv-00762-LKG

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Kenyon Devon Ames, proceeding pro se, respectfully submits this Opposition to Defendant's Motion to Dismiss.

For the reasons set forth below, Defendant's motion should be denied. In the alternative, the Court should grant Plaintiff leave to amend the Complaint to clarify the public policy underlying the claim.

I. INTRODUCTION

This action arises from Plaintiff's termination after reporting unsafe commercial vehicle conditions involving vehicles operated on public highways.

Defendant's motion primarily argues that Plaintiff failed to identify a sufficiently specific public policy supporting a wrongful discharge claim under Maryland law.

Plaintiff acknowledges that the original Complaint did not expressly identify the specific regulatory provision governing unsafe commercial vehicle operation. As a pro se litigant without formal legal training, Plaintiff was unaware of how to integrate a specific statute, policy, or regulation.

Plaintiff has now moved for leave to amend the Complaint to clarify the regulatory source of the public policy implicated by his reports.

Specifically, Plaintiff identifies the Federal Motor Carrier Safety Regulations, including 49 C.F.R. § 396.7, which prohibits operation of commercial vehicles in unsafe mechanical condition likely to cause an accident or breakdown.

Because Plaintiff's reports concerned commercial vehicles operating in potentially unsafe mechanical condition on public roadways, the reports directly implicate this federal safety regulation and the public safety policies it embodies.

Accordingly, the deficiency identified by Defendant has now been clarified and cured through Plaintiff's proposed Amended Complaint.

II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.

To survive dismissal, a complaint need only contain sufficient factual allegations to state a claim that is plausible on its face.

Additionally, courts must construe pleadings filed by pro se litigants liberally.

III. ARGUMENT

A. Plaintiff Has Clarified the Specific Public Policy Underlying the Claim

Maryland recognizes a tort claim for wrongful discharge when an employee is terminated in violation of a clear mandate of public policy.

See:

Adler v. American Standard Corp.

Plaintiff's claim arises from reporting unsafe commercial vehicle conditions affecting public highway safety.

The Federal Motor Carrier Safety Regulations establish a comprehensive regulatory framework governing the safe operation of commercial vehicles on public roadways.

Among these regulations is:

49 C.F.R. § 396.7

This regulation provides that a motor vehicle must not be operated in a condition likely to cause an accident or mechanical breakdown.

Plaintiff reported commercial vehicles operating with active engine warning indicators and mechanical issues that he reasonably believed could render the vehicles unsafe to operate.

Such reports directly implicate the safety principles embodied in the Federal Motor Carrier Safety Regulations.

Plaintiff has moved for leave to amend the Complaint to expressly identify this regulatory mandate as the public policy underlying the claim.

Because this amendment clarifies the legal basis of the claim without altering the underlying facts, dismissal is not appropriate.

B. Leave to Amend Should Be Granted if the Court Finds Any Pleading Deficiency

Federal Rule of Civil Procedure 15 provides that courts should freely grant leave to amend when justice so requires.

The Fourth Circuit has emphasized that dismissal without allowing amendment is generally improper where defects in a complaint may be cured.

See:

Ostrzenski v. Seigel

Plaintiff's proposed amendment clarifies the regulatory public policy implicated by the reports and therefore cures the issue raised by Defendant.

Accordingly, even if the Court determines that the original Complaint was insufficiently specific, dismissal with prejudice would be inappropriate.

C. The Temporal Gap Does Not Defeat Causation at the Pleading Stage

Defendant also argues that Plaintiff cannot establish causation because approximately seven months passed between Plaintiff's safety reports and his termination.

Temporal proximity, however, is only one factor courts consider when evaluating retaliation claims.

The Fourth Circuit has recognized that causation may still be inferred when additional evidence suggests retaliatory motive.

See:

Lettieri v. Equant Inc.

In this case, Plaintiff alleges that:

• he maintained a positive performance record

• he had no disciplinary history prior to the events surrounding his termination

• Defendant relied on undocumented allegations of misconduct

• the stated reason for termination was pretextual

Plaintiff further acknowledges that he used profanity during a phone conversation with a coworker, but alleges that this isolated incident was not directed at any individual and was later used as a justification for termination.

Plaintiff was outside of his work hours during this subsequent call to speak to the area manager. He and Lindsey have interacted outside of business hours where profanity was used.

Ms.Ross repeatedly asked the plaintiff "who am I speaking with" and plaintiff responded "put her on the fucking phone". This was sheer frustration.

Plaintiff alleges that he was not doing anything wrong with the rental, and was being targeted by the area manager for the reports.

Plaintiff acknowledges the profanity during the subsequent call to show a good faith basis on the truth, and what is fabricated.

Plaintiff also notified HR after he was fired of text messages between he and Lindsey. She asked "was that you on the phone". His responded "yes, with an apology" she responded calling him an "ass".

Plaintiff proved her profanity to HR after being terminated for "improper employee conduct", but she did not receive the same punishment.

Plaintiff alleges he did not call her out of her name.

Plaintiff alleges he did not use any profanity with anyone else.

Maryland is an at will state. Defendant did not need a termination reason, especially after a "7-month gap". Unless the termination is illegal.

Plaintiff alleges that this proof without the termination of Ms.Ross supports the nature of an retaliatory termination

Plaintiff alleges that additional accusations cited in the termination letter were inaccurate and had never previously been documented.

At the pleading stage, these allegations are sufficient to plausibly suggest that the stated reason for termination may have been pretextual.

The existence of a temporal gap does not eliminate the possibility of retaliation, particularly where the plaintiff alleges that the employer later relied on questionable or exaggerated allegations to justify termination.

IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

Deny Defendant's Motion to Dismiss, or

Grant Plaintiff leave to file the proposed Amended Complaint clarifying the regulatory public policy underlying the claim.

Respectfully submitted,

Kenyon Devon Ames

2465 J17 Centreville Road

Herndon, VA 20171

240-750-8040

kinghallmark@aol.com

Plaintiff, Pro Se