**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**GREENBELT DIVISION**

| | | |
|---|---|---|
| **KENYON DEVON AMES,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Case No. 8:26-cv-00762-LKG** |
| | ) | |
| **ENTERPRISE RAC COMPANY** | ) | |
| **OF MARYLAND, LLC** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**OPPOSITION TO PLAINTIFF'S MOTION**
**FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff's Motion for Leave to File Amended Complaint should be denied. In *Ames I*,[1] Plaintiff was apprised by the Court of the deficiencies in his wrongful discharge claim and provided a roadmap as to how to make a wrongful discharge claim plausible. *See Ames I*, ECF 18 at 14. Despite this, here, Plaintiff's Complaint still fails to identify a plausible public policy basis for his wrongful discharge claim, and further fails to assert any facts that would allow the Court to plausibly conclude that his expression of concerns in June 2024 were causally connected to his termination in January 2025. Plaintiff should not be provided with a third bite at the apple.

Importantly, whether Plaintiff can file an amended complaint is left to the discretion of the Court. Plaintiff did not file his Motion during the window to amend as a matter of course. *See* F.R.C.P. 15 (a)(1)(B) (noting a party may amend his pleading as a matter of course within 21 days after being served with a motion to dismiss). Enterprise served Plaintiff with its Motion to Dismiss on February 24, 2026 (ECF 4) and so Plaintiff's window expired on March 17, 2026. Plaintiff did

---

[1] *Ames v Enterprise RAC Company of Maryland, LLC*, 8:25-cv-0158-DLB ("*Ames I*").

not amend during this time, but rather sought leave to file an amended complaint on March 25, 2026. ECF 11. As such, whether to grant or deny amendment is left to the discretion of the Court.

The Fourth Circuit has held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1986). Courts in this District have frequently denied a plaintiff the opportunity to amend their complaint on the grounds of futility where the plaintiff has already had more than one opportunity to plead their claim and have failed to do so plausibly. For example, in *Elliott v. Maryland Correctional Training Ctr.*, 2022 WL 814294 (D. Md. 2022), the court dismissed the plaintiff's claim alleging wrongful discharge based upon a purported public policy against endangering public safety, and also concluded that the plaintiff's "request to amend his complaint a third time to cure any deficiency will be denied as futile, because the claims fails as a matter of law." *Id.* at *6. *See also Menk v. Mitre Corp.*, 2024 WL 2257894 at 3-4 (D. Md. 2024) (denying plaintiff's motion to amend multiple counts, including count for wrongful discharge).

The same result should be reached here. Plaintiff has already been afforded two opportunities to plead a plausible claim for wrongful discharge and has failed to do so on both occasions. Moreover, as described fully in Enterprise's Reply brief, amendment is futile. Plaintiff's desire to add references to the Federal Motor Carrier Safety Regulations would still not create a plausible claim because (i) the Federal Motor Carrier Safety Regulations do not create the clear mandate of Maryland public policy required for a common law wrongful discharge claim and (ii) there is still no temporal nexus between the protected activity and the termination.

For the foregoing reasons, Enterprise respectfully requests that the Court deny Plaintiff's Motion for Leave to File Amended Complaint.

Date: April 3, 2026                                    Respectfully submitted,

                                                       _/s/ Edward Lee Isler_
                                                       Edward Lee Isler, Md. Fed. Bar No. 22332
                                                       Micah E. Ticatch, Md. Fed. Bar No. 21208
                                                       John W. H. Harding, Md. Fed. Bar No. 32129
                                                       ISLER DARE, P.C.
                                                       1945 Old Gallows Road, Suite 650
                                                       Vienna, Virginia 22182
                                                       (703) 748-2690 (main)
                                                       (703) 748 2695 (fax )
                                                       eisler@islerdare.com
                                                       mticatch@islerdare,com
                                                       jharding@islerdare.com

                                                       *Attorneys for Defendant*
                                                       *Enterprise RAC Company of Maryland, LLC*

3

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 3rd day of April 2026, I caused a true and correct copy of the foregoing

to be sent by electronic mail to Plaintiff as follows:


Kenyon Devon Ames
2465 J17 Centerville Rd.
Herndon, VA 20170
kinghallmark@aol.com

*Pro Se Plaintiff*

/s/ Edward Lee Isler
Edward Lee Isler, Bar No.  22332
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690 (main)
(703) 748 2695 (fax)
eisler@islerdare.com

*Attorney for Defendant*
*Enterprise RAC Company of Maryland, LLC*

4