**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | | |
|---|---|---|
| **KENYON DEVON AMES,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Case No. 8:26-cv-00762-LKG** |
| | ) | |
| **ENTERPRISE RAC COMPANY** | ) | |
| **OF MARYLAND, LLC** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

Defendant Enterprise respectfully submits this Reply Brief in further support of its Motion

to Dismiss. For the reasons set forth below, Enterprise requests that Plaintiff's claim be dismissed

with prejudice.

**A.    Plaintiff Fails to Identify a Clear Mandate of Maryland Public Policy.**

Plaintiff originally did not cite to anything in support of his supposed "well-established

Maryland public policy of protecting employees who report dangers that threaten public safety."

ECF 1-1(Compl. ¶¶ 3, 30).   After scouring the law, Plaintiff now points to the Federal Motor

Carrier Safety Regulations, specifically 49 C.F.R. § 396.7, in his Opposition and Proposed

Amended Complaint. *See* ECF 11-2 (Proposed Amed. Compl. at 2); ECF 12 (Opp. at 3-4).  Putting

aside that Plaintiff cannot amend the Complaint through briefing, *Davis v. Mabus*, 162 F. Supp.

3d 467, 482 (D. Md. 2016), even if Plaintiff had originally cited to the Federal Motor Carrier Safety

Regulations, there are both factual and legal deficiencies in Plaintiff's reliance on the regulations.

As to the factual deficiencies, there is no allegation that the Federal Motor Carrier Safety

Regulations apply to the types of vehicles Plaintiff was operating at Enterprise.  There is also no

1

allegation suggesting that operating a vehicle with an active engine warning indicator or without a sticker with vehicle height information is somehow akin to operating a vehicle "in such a condition as to likely cause an accident or a breakdown of the vehicle." 49 C.F.R. § 396.7.  Indeed, in *Ames I*,[1] Plaintiff acknowledged that he raised his concerns to OSHA, Maryland Occupational Safety and Health (MOSH), and the Virginia State Police, all of whom dismissed Plaintiff's concerns." *Ames I*, ECF 1-1 ¶ 9.  The fact that several governmental agencies informed Plaintiff that there was no basis for his alleged public safety concerns suggests that there was no imminent accident or breakdown.

As to the legal deficiencies, Maryland courts are wary of adopting a clear mandate of Maryland public policy based on federal regulations.  The Supreme Court of Maryland (formerly known as the Court of Appeals of Maryland) has established limitations on a court's ability to articulate a new public policy mandate.  *Yuan v. Johns Hopkins Univ.*, 452 Md. 436, 452, 157 A.3d 254, 263 (2017).  Specifically, a wrongful termination claim should only be permitted where it (i) vindicates an otherwise civilly unremedied public policy and (ii) where a violation is reasonably discernable from the law or regulation *Id.* at 452-53.  "[O]verly broad federal regulations [cannot] form the basis for a wrongful discharge claim; specificity is important when relying on a statute or regulation." *Id*. at 453.

In *Yuan*, the Court determined that regulations related to violations of scientific research norms could not support a wrongful termination claim because the regulations lacked specificity as to what constitutes a violation and also vested the determination of a violation with federal

---

[1] *Ames v Enterprise RAC Company of Maryland, LLC*, 8:25-cv-0158-DLB ("*Ames I*"). This court may take notice of allegations that Plaintiff made in this related case involving the same parties and the same facts and occurrences. *Infrastructure and Energy Alternatives, Inc. v. Axum Fringe Solutions Group, LLC,* 2025 WL 3677007 at n.7 (D. Md. 2025).

agencies and federally funded institutions. *Id.* at 455.  Thus, the scientific institutions, not the courts, were in the best position to determine what was impermissible. *Id.*  As such, the regulation did not "provide a clear public policy to support a tort claim for wrongful termination of employment." *Id.  See also Parks v. Alpharma, Inc.*, 421 Md. 59, 25 A.2d 200 (2011) (holding that reliance on the Federal Trade Commission Act to support a wrongful termination claim was improper because Congress vested "broad authority" to the FTC to bring enforcement actions and determine when a practice is "unfair"); *Maxey v. Lockheed Martin Corp.*, 2020 WL 2570026 (Md. Ct. Spec. App. 2020) (holding that claims of wrongful termination based on reporting alcohol and marijuana consumption on military bases did not create a sufficiently clear public policy to support a wrongful termination claim).

Here, the Federal Motor Carrier Safety Regulations have a preexisting enforcement mechanism where special agents of the Federal Motor Carrier Safety Administration ("FMCSA") inspect motor carriers to determine whether a vehicle is "likely to cause an accident or a breakdown." 49 C.F.R. § 396.9.  If so, the vehicle is declared out-of-service by the agent. *Id.* Moreover, it is not easy to discern a violation of the regulation.  Is a vehicle likely to cause an accident or a breakdown when the check engine light is on? When the tire pressure is two pounds lower than the recommended level? When the vehicle runs out of windshield washer fluid?  Like *Yuan* and *Park*, the determination about whether a motor carrier is likely to cause an accident or breakdown is best left to the agencies enforcing the regulation.  Therefore, even if Plaintiff had raised claims under 49 C.F.R. § 396.7, that section of the federal regulations does not support a claim for wrongful termination under Maryland law.

3

**B.**      **There is No Nexus Between Plaintiff's Public Safety Concerns and His Termination.**

Even if Plaintiff had properly identified a clear mandate of Maryland public policy, dismissal would still be proper because there is no nexus between the concerns he raised and his termination.   Plaintiff's employment was terminated more than seven months after Plaintiff's reported complaint, which alone is not a sufficiently close temporal nexus to establish causation. *Marshall v Univ. of Maryland Med. Ctr.*, 2020 WL 5106788 at *(D. Md. 2020) (quoting *King v. Rumsfeld*, 328 F.3d 145, 151 n.5 (4th Cir. 2003) (finding that two months and two weeks separating the time between the protected activity and the plaintiff's termination was "sufficiently long so as to weaken significantly the inference of causation between the two events").

Plaintiff relies on *Lettieri v. Equant Inc.*, 478 F.3d 640 (4th Cir. 2007) to suggest that this seven month gap is surmountable.   However, the Court in *Lettieri* looked to "evidence of recurring retaliatory animus during the intervening period" to establish causation.   *Id.* at 650.   Plaintiff does not allege any recurring animus during the intervening period.   In fact, Plaintiff alleges the opposite of recurring animus: "HR confirmed no wrongdoing by Plaintiff" and found "no basis for discipline" (ECF 1-1(Compl. ¶¶ 15-6)); "Plaintiff was not reprimanded, warned, or counseled at any time for any negative incidents" (*id.* ¶ 17); "Plaintiff continued performing his duties without issue through late 2024" (*id.* ¶18).

Moreover, in his opposition, Plaintiff goes into additional detail about the intervening event that ultimately led to his separation.   He admits that he used "F***" when speaking with a coworker.   ECF 12 (Opp. at 5).   Plaintiff has failed to allege any non-conclusory causal connection between his termination and any protected activity. For this reason also, Plaintiff's wrongful discharge claim fails.

**C.**     **<u>Plaintiff's Claims Should Be Dismissed With Prejudice.</u>**

As discussed more completely in Enterprises Opposition to Plaintiff's Motion for Leave to File Amended Complaint, the Court should deny Plaintiff the opportunity of any further amendment and instead dismiss his claim with prejudice.  Plaintiff has been provided with two opportunities to plead a plausible claim for wrongful discharge and has failed to do so on both occasions.  Additionally, amendment is futile because there is simply not a clear mandate of public policy relevant to the facts at issue here.

For the foregoing reasons, Enterprise respectfully requests that the Court dismiss Plaintiff's case in its entirety and with prejudice.

Date: April 3, 2026                                        Respectfully submitted,

                                                            */s/ Edward Lee Isler*
                                                            Edward Lee Isler, Md. Fed. Bar No. 22332
                                                            Micah E. Ticatch, Md. Fed. Bar No. 21208
                                                            John W. H. Harding, Md. Fed. Bar No. 32129
                                                            ISLER DARE, P.C.
                                                            1945 Old Gallows Road, Suite 650
                                                            Vienna, Virginia 22182
                                                            (703) 748-2690 (main)
                                                            (703) 748 2695 (fax )
                                                            eisler@islerdare.com
                                                            mticatch@islerdare,com
                                                            jharding@islerdare.com

                                                            *Attorneys for Defendant*
                                                            *Enterprise RAC Company of Maryland, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of April 2026, I caused a true and correct copy of the foregoing

to be sent by electronic mail to Plaintiff as follows:


Kenyon Devon Ames
2465 J17 Centerville Rd.
Herndon, VA 20170
kinghallmark@aol.com

*Pro Se Plaintiff*

/s/ Edward Lee Isler
Edward Lee Isler, Bar No.  22332
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690 (main)
(703) 748 2695 (fax)
eisler@islerdare.com

*Attorney for Defendant*
*Enterprise RAC Company of Maryland, LLC*