IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| KENYON DEVON AMES, | ) ) | |
| Plaintiff *pro se*, | ) ) ) | Civil Action 26-cv-00762-LKG |
| v. | ) ) | Dated: June 12, 2026 |
| ENTERPRISE RAC COMPANY OF MARYLAND, LLC., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

## I.    INTRODUCTION

In this civil action, the Plaintiff *pro se*, Kenyon Devon Ames, brings a Maryland common law wrongful discharge claim against the Defendant, Enterprise RAC Company of Maryland, LLC, arising from the termination of his employment.  ECF No. 5.  The Defendant has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  ECF No. 4.  The Plaintiff has also moved for leave to amend the complaint, pursuant to Fed. R. Civ. P. 15(a)(2).  ECF No. 11.  The motions are fully briefed.  ECF Nos. 4, 5, 11, 11-2, 12, 14 and 16.  No hearing is necessary to resolve the motions.  L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS** the Defendant's motion to dismiss (ECF No. 4); (2) **DENIES** the Plaintiff's motion for leave to amend the complaint (ECF No. 11); and (3) **DIMISSES** the complaint.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    Factual Background

In this civil action, the Plaintiff brings a Maryland common law wrongful discharge claim against the Defendant, arising from the termination of his employment, after he made a report about vehicle safety concerns.  ECF No. 5 at ¶¶ 1, 30–31.  In the complaint, the Plaintiff alleges that he was unlawfully terminated, because the motivation for his termination contravenes a clear mandate of Maryland public policy.  *Id.* at ¶¶ 30–33.  As relief, the

---

[1] The facts recited in this memorandum opinion are taken from the complaint, the Defendant's motion to dismiss and memorandum in support thereof, the Plaintiff's response in opposition, the Defendant's reply brief, the Plaintiff's motion for leave to amend and memorandum in support thereof, and the Defendant's response in opposition.  ECF Nos. 1, 4, 4-1, 5, 11, 11-2, 12, 14 and 16.

Plaintiff seeks to recover punitive damages, interest and costs from the Defendant. *Id.* at Prayer for Relief.

The Parties

The Plaintiff is a resident of Virginia, and he was employed by the Defendant from December 2022, to January 17, 2025, as a Vehicle Service Agent and a DOT driver. *Id.* at ¶¶ 4 and 8–9.

The Defendant is a citizen of Missouri. ECF No. 1 at ¶ 6.

The Plaintiff's Allegations

The Plaintiff alleges that, on June 3, 2024, he reported potential safety concerns regarding the Defendant's fleet of vehicles. ECF No. 5 at ¶ 11. Specifically, the Plaintiff reported: (1) a "[l]ack of vehicle height information"; (2) "trucks operat[ing] with activated engine warning indicators"; and (3) "[a]ssignments involving potential DOT safety concerns." *Id.* The Plaintiff also alleges that he reported these concerns to his supervisor, the Occupational Safety and Health Administration ("OSHA"), the Maryland Occupational Safety and Health ("MOSH") and the Virginia State Police. *Id.* at ¶ 12.

On June 19, 2024, the Defendant's human resources department investigated the Plaintiff's concerns and found no safety violation, or any wrongdoing by the Plaintiff. *Id.* at ¶¶ 14–16. And so, the Plaintiff was not reprimanded or warned of wrongdoing. *Id.* at ¶ 17.

The Plaintiff alleges that in December 2024, the Plaintiff received a positive performance review, documenting no disciplinary history, behavioural or misconduct issues. *Id.* at ¶ 10. The Plaintiff also alleges that, while he was off duty, on December 30, 2024, a management trainee working for the Defendant contacted him about his personal vehicle rental. *Id.* at ¶¶ 19 and 21. The Plaintiff acknowledges that he used profanity during that conversation. *Id.* at ¶¶ 19–20.

The Plaintiff contends that the Defendant terminated his employment, on January 17, 2025, because of: (1) improper personal conduct; (2) coworkers being uncomfortable with the Plaintiff; and (3) generally unsettling conduct. *Id.* at ¶¶ 23–24. The Plaintiff also contends that these accusations arose only after he reported safety concerns regarding the Defendant's fleet of vehicles, and that the timing of his termination demonstrates retaliatory motive for his discharge. *Id.* at ¶¶ 27–28. And so, the Plaintiff seeks to recover punitive damages, interest and costs from the Defendant. *Id.* at Prayer for Relief.

**B.    Relevant Procedural Background**

On April 14, 2025, the Plaintiff brought a prior civil action against the Defendant in the Circuit Court for Montgomery County, Maryland, that was removed to this Court on May 16,

2025. *Ames v. Enterprise RAC Company of Maryland LLC*, No. DLB-25-1585 (D. Md. Nov. 25, 2025), ECF No. 1. On November 25, 2025, the Court dismissed the complaint in that case without prejudice. *Ames*, 2025 WL 3280312, at *6.

On January 20, 2026, the Plaintiff brought a civil action against the Defendant in the Circuit Court for Montgomery County, Maryland, that was removed to this Court on February 24, 2026. ECF No. 1. On February 24, 2026, the Defendant filed a motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF Nos. 4 and 4-1. On March 25, 2026, the Plaintiff filed a response in opposition to the Defendant's motion to dismiss. ECF No. 12. On April 6, 2026, the Defendant filed a reply. ECF No. 16.

On March 25, 2026, the Plaintiff filed a motion for leave to amend the complaint, pursuant to Fed. R. Civ. P. 15(a)(2), and a memorandum in support thereof. ECF Nos. 11 and 11-1. On April 3, 2026, the Defendant filed a response in opposition to the Plaintiff's motion. ECF No. 14.

The motions having been fully briefed, the Court resolves the pending motions.

## III.   LEGAL STANDARDS

### A.   Fed. R. Civ. P. 15

Fed. R. Civ. P. 15(a)(2) provides that, when a party cannot amend a pleading by right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The decision of whether to grant or deny leave to amend is within the discretion of the Court, and the Court "should freely" grant leave to amend "when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). But, the Court should deny a party leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182).

In this regard, an amendment is futile "when the proposed amended complaint fails to state a claim." *Van Leer v. Bank Securities, Inc.*, 479 Fed. App'x 475, 479 (4th Cir. 2012). And so, the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss." *Cuffee v. Verizon Communications, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (citation omitted).

### B.   Fed. R. Civ. P. 12(b)(6)

3

To survive a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Id.* at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)).

### C.   *Pro Se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. RDB-13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations and citations marks omitted). And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint. *See Weller*, 901 F.2d at 391.

### D.   Wrongful Discharge

Lastly, Maryland law "recognize[s] a cause of action for abusive discharge by an employer of an at will employee when the motivation for the discharge contravenes some clear mandate of public policy." *Adler v. Am. Standard Corp.*, 432 A.2d 464, 473 (Md. 1981); *Szaller v. Am. Nat. Red Cross*, 293 F.3d 148, 150 (4th Cir. 2002). To establish a wrongful discharge claim a Plaintiff must show: (1) that "[he] was discharged"; (2) "that the

4

basis for h[is] discharge violated a clear mandate of public policy"; and (3) "that there is a nexus between h[is] conduct and h[is] employer's decision to discharge h[im]." *Verbal v. Giant of Maryland, LLC*, 204 F. Supp. 3d 837, 843 (D. Md. 2016) (citing *Wholey v. Sears Roebuck*, 803 A.2d 482, 489 (Md. 2002)).

With regard to the second element of a wrongful discharge claim:

> Maryland courts have stressed that in order for a mandate of public policy to be well-established enough to form the basis of a wrongful discharge action, there must be a preexisting, unambiguous, and particularized pronouncement, by constitution, enactment, or prior judicial decision, directing, prohibiting, or protecting the conduct in question so as to make the public policy on the relevant topic not a matter of conjecture or interpretation.

*Szaller*, 293 F.3d at 151 (internal quotation and citation marks omitted); *Yuan v. Johns Hopkins Univ.*, 157 A.3d 254, 264 (Md. 2017) (citing *Parks v. Alpharma, Inc.*, 25 A.3d 200, 202–03 (Md. 2011)) (noting that the Maryland Supreme Court has held that "overly broad federal regulations could not form the basis for a wrongful discharge claim . . . specificity is important").

## IV.   ANALYSIS

Pending before the Court are the Plaintiff's motion for leave to amend the complaint and the Defendant's motion to dismiss.

In his motion for leave, the Plaintiff requests that the Court grant him leave to amend the complaint, pursuant to Fed. R. Civ. P. 15(a)(2), because the proposed amendments would cure certain defects in this pleading. ECF No. 11 at 2–5.

The Defendant counters that leave to amend is not warranted, because the proposed amendment would be futile. ECF No. 14 at 2. Specifically, the Defendant argues that the proposed amended complaint neither cites a clear mandate of public policy that Maryland courts would consider adequate, nor identifies a plausible causal nexus between the Plaintiff's termination and any protected activity, to support the Plaintiff's wrongful discharge claim under Maryland law. *Id.*; ECF No. 16 at 1–4. And so, the Defendant requests that the Court deny the Plaintiff's motion for leave. ECF No. 14 at 1.

The Defendant also argues that the Court should dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), because the Plaintiff fails to state a plausible claim for wrongful discharge for the same reasons that the proposed amended complaint is deficient. ECF No. 4-1 at 5–9. And so, the Defendant requests that the Court dismiss this matter. *Id.* at 11.

5

The Plaintiff counters that the Court should not dismiss this matter, because the complaint sufficiently alleges facts to show a clear mandate of public policy that Maryland courts would consider adequate to support his wrongful discharge claim and a plausible causal nexus between his termination and certain protected activity.  ECF No. 12 at 4–7.  And so, the Plaintiff requests that the Court deny the Defendant's motion to dismiss.  *Id.* at 7.

For the reasons that follow, a careful reading of the complaint makes clear that the Plaintiff fails to state a plausible wrongful discharge claim under Maryland law, because the complaint fails to identify a clear mandate of public policy to support this claim.  A careful reading of the proposed amended complaint also makes clear that this pleading has the same defects and deficiencies as the complaint.  Given this, amending the complaint would be futile.  And so, the Court: (1) GRANTS the Defendant's motion to dismiss (ECF No. 4); (2) DENIES the Plaintiff's motion for leave to amend (ECF No. 11); and (3) DIMISSES the complaint.

### A.    The Plaintiff Fails To State A Wrongful Discharge Claim Under Maryland Law

As an initial matter, the Defendant persuasively argues that the Plaintiff fails to allege facts to identify a clear mandate of public policy to support his wrongful discharge claim.  To establish a wrongful discharge claim a Plaintiff must show: (1) that "[he] was discharged"; (2) "that the basis for h[is] discharge violated a clear mandate of public policy"; and (3) "that there is a nexus between h[is] conduct and h[is] employer's decision to discharge h[im]." *Verbal v. Giant of Maryland, LLC*, 204 F. Supp. 3d 837, 843 (D. Md. 2016) (citing *Wholey v. Sears Roebuck*, 803 A.2d 482, 489 (Md. 2002)).  Regarding the second element of this claim, a clear mandate of public policy must derive from "a preexisting, unambiguous, and particularized pronouncement, by constitution, enactment, or prior judicial decision, directing, prohibiting, or protecting the conduct in question . . . ." *Szaller v. Am. Nat. Red Cross*, 293 F.3d 148, 151 (4th Cir. 2002) (internal quotations and citations omitted).

In this case, the Defendant persuasively argues that the complaint fails to identify a clear mandate of public policy that was violated by the termination of the Plaintiff's employment.  Specifically, the complaint alleges that "public highway safety hazards involving commercial vehicles [are] a matter squarely within Maryland's recognized public-policy protections."  ECF No. 5 at ¶ 31.  But, the Plaintiff fails to cite any clear unambiguous statute, regulation, or pronouncement from which the alleged public policy regarding his having safety concerns arises.  *See generally* ECF No. 5.

Indeed, the Plaintiff concedes in his response in opposition to the Defendant's motion to dismiss that the complaint fails to identify a specific public policy mandate violated by his termination.  ECF No. 12 at 2 ("Plaintiff acknowledges that the original Complaint did not expressly identify the specific regulatory provision governing unsafe commercial vehicle operation.").  Given this, the Plaintiff fails to state a wrongful discharge claim in this case.  And so, the Court must DISMISS the complaint.  Fed. R. Civ. P. 12(b)(6).

### B.  The Amendment Of The Complaint Would Be Futile

As a final matter, the Court declines to grant the Plaintiff leave to amend the complaint, because the proposed amendment would be futile.  It is well-established that the decision of whether to grant or deny leave to amend is within the discretion of the Court, and the Court "should freely" grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  But, the Court should deny a party leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182).  And so, the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss."  *Cuffee v. Verizon Communications, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (citation omitted).

In this case, a careful reading of the Plaintiff's proposed amended complaint makes clear that the amendment would be futile and would not survive a motion to dismiss.  The Plaintiff's proposed amended complaint states that the Plaintiff reported multiple commercial vehicle safety concerns and believed that the Defendant violated 49 C.F.R. § 396.7.  ECF No. 11-2 at 2–3.  But again, for a wrongful discharge claim, the clear mandate of public policy must derive from "a preexisting, unambiguous, and particularized pronouncement, by constitution, enactment, or prior judicial decision, directing, prohibiting, or protecting the conduct in question . . . ."  *Szaller*, 293 F.3d at 151 (internal quotations and citations omitted).  Maryland Courts have also held that "overly broad federal regulations could not form the basis for a wrongful discharge claim . . . specificity is important . . . ."  *Yuan v. Johns Hopkins Univ.*, 157 A.3d 254, 264 (Md. 2017) (citing *Parks v. Alpharma, Inc.*, 25 A.3d 200, 202–03 (Md. 2011)).  Here, the proposed amended complaint merely cites to a regulation that states, "[a] motor vehicle shall not be operated in such a condition as to likely cause an accident or a breakdown of the vehicle."  49 C.F.R. § 396.7; ECF No. 11-2 at 2–3.  This "overly broad regulation" lacks the specificity required to identify a clear mandate for public policy for a wrongful discharge claim.  *See Yuan*, 157 A.3d at 264 (citation omitted).  And so,

7

the Court must also DENIES the Plaintiff's motion for leave to amend the complaint.  Fed. R. Civ. P. 15(a)(2).

## V.   CONCLUSION

For the foregoing reasons, the Court:

(1)   **GRANTS** the Defendant's motion to dismiss (ECF No. 4);

(2)   **DENIES** the Plaintiff's motion for leave to amend the complaint (ECF No. 11); and

(3)   **DIMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge